UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT VILATO,

                                         Plaintiff,

                    - *against* -                                    13 Civ. 5825 (NSR)(PED)

THE CITY OF YONKERS, DETECTIVE WILLIAM            REPORT AND
SULLIVAN (Shield No. 693), and TANVIR KAHN,       RECOMMENDATION

                                         Defendants.

TO:    THE HONORABLE NELSON S. ROMÁN,
       UNITED STATES DISTRICT JUDGE

       On April 23, 2015, Your Honor entered a default judgment against Defendant Tanvir

Khan and referred the matter to me for an inquest as to damages.[1]  Dkt. 23, 24.  For the reasons

set forth below, I respectfully recommend that Plaintiff be awarded a total of  $457,500.00.

I.     BACKGROUND

       A.     The Complaint

       On August 20, 2013, Plaintiff Robert Vilato ("Plaintiff") commenced the instant action

against the City of Yonkers, Detective William Sullivan, and Tanvir Kahn ("Defendant Kahn").

Dkt. 1 ("Compl.").  Defendant Kahn was properly served with the Summons and Verified

Complaint on October 22, 2013.  Dkt. 4.

       The complaint asserts claims pursuant to 42 USC § 1983 to redress violations of

_____

       [1]  On November 23, 2015, the remaining parties consented to my jurisdiction for all
purposes pursuant to 28 U.S.C. § 636(c).  Dkt. 32.  Because defaulting Defendant Khan did not
consent to Magistrate Judge jurisdiction, I submit this Report and Recommendation pursuant to
28 U.S.C. § 636(b).

Plaintiff's Fourth, Fifth, Eight, and Fourteenth Amendment rights, as well as claims of malicious prosecution, defamation, and intentional infliction of emotional distress against Defendant Kahn.  See Compl. at ¶ 2.

Plaintiff alleges that, on October 6, 2012, Defendant Kahn made false allegations to the Yonkers Police Department claiming that Plaintiff robbed him at gunpoint.  See Compl. at ¶ 24-26; Dkt. 27-1 (Vilato Declaration in Support of Plaintiff's Proposed Findings of Fact and Conclusions of Law as to Defendant Kahn ("Vilato Decl.")) at ¶ 3.  Plaintiff was consequently arrested on the charge of Robbery in the First Degree and incarcerated for over 72 hours before being arraigned and released on his own recognizance.  See Compl. ¶¶ 23-25, 28, 31; Vilato Decl. at ¶ 3.  Plaintiff borrowed $7,500 from his father to pay his attorney to defend himself against these false allegations.  See Compl. at ¶ 32; Vilato Decl. at ¶ 5-6.  On November 16, 2012, the felony charge of Robbery in the First Degree was reduced to two misdemeanor charges of Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree.  Compl. at ¶ 32; Vilato Decl. at ¶ 5.  On December 21, 2012, the matter was Adjourned in Contemplation of Dismissal ("ACD"), pursuant to Section 160.50 of the New York Penal Law, and, on June 20, 2013, the charges were ultimately dismissed.  Compl. at ¶ 33; Vilato Decl. at ¶ 7.

### B.      Defendant Kahn's Default

On October 3, 2014, Your Honor entered an Order to Show Cause for Default Judgment as to Defendant Kahn pursuant to Federal Rule of Civil Procedure ("FRCP") 55(b) and directed Defendant Kahn to respond to the Order by October 31, 2014.  Dkt. 13.  Defendant Kahn was served with the Order, but failed to respond to the Order as directed.  Dkt. 14.

On November 6, 2014, a Show Cause Hearing for a Default Judgment was held before Your Honor, which all parties attended. Minute Entry Nov. 6, 2014. Your Honor held the Order to Show Cause in abeyance to be withdrawn provided Defendant Kahn file an answer or move by way of a dispositive motion by November 26, 2014. Id. Your Honor further directed Defendant Kahn to file a Notice of Appearance if he were to proceed pro se. Id. That day, Defendant Kahn filed an application for the Court to Request Pro Bono Counsel, which Your Honor denied without prejudice on November 21, 2014. Dkts. 15-16. Your Honor noted that Defendant had yet to file a Notice of Appearance with the Court as instructed, and ordered that Defendant Kahn file a Notice of Appearance within ten days, which Defendant Kahn did on November 25, 2014. Dkts. 16-17.

On November 26, 2014, Defendant Kahn submitted a document entitled Motion of Dismissal. Dkt. 18. At a pre-motion conference held on December 11, 2014, Your Honor granted leave to Defendant Kahn to file a motion to dismiss and set forth a motion schedule directing Defendant Kahn to file his motion by January 12, 2015. Minute Entry Dec. 11, 2014. At the conference, Defendant Kahn stated that he submitted an Answer to the Pro Se Office which was neither docketed nor received by the parties. The Court instructed him to file the Answer again, along with proof of service on all parties. Id.

At a conference held before me on February 10, 2015, Defendant Kahn stated that he filed an Answer and a two page motion to dismiss with the Manhattan Pro Se Office, and that he mailed the documents to counsel on January 2, 2015. However, no such Answer had been docketed or received by the parties. I repeatedly instructed Defendant Kahn to speak with the Pro Se Clerk in this Courthouse following the conference to arrange for filing and service of the

Answer, provided directions to the Clerk's office, and stated that if necessary my Courtroom Deputy would escort him to the Clerk's office to insure that his documents were properly filed.

On April 17, 2015, Your Honor rescheduled a status conference after neither Defendant Kahn nor counsel for the City of Yonkers and Detective William Sullivan appeared as scheduled. Minute Entry Apr. 17, 2015. That day, Plaintiff submitted a letter requesting the Court to reconsider Plaintiff's application for a default judgment against Defendant Kahn. Dkt. 22.

On April 23, 2015, Defendant Kahn failed to appear for the rescheduled status conference before Your Honor, and Your Honor granted Plaintiff's request to enter the Default Judgment. Minute Entry Apr. 23, 2015; Dkt. 24. The case was then referred to me for Inquest After Default/Damages Hearing. Dkts. 23-24.

Having completed the inquest, I recommend that the Court enter judgment against Defendant Kahn in the amount of $457,500.00 in damages, to compensate Plaintiff for 72 hours of incarceration and for the $7,500 in legal expenses for his defense in the underlying criminal action.

## II.   DISCUSSION

### A.   Applicable Law

#### 1.   Default

It is well-settled that in light of Defendant's default, the Court is required to accept all of Plaintiff's allegations as true, except for those pertaining to damages. See, e.g., Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). In order to ascertain the amount of damages, the

court must conduct an inquiry sufficient to establish them to a "reasonable certainty," <u>Credit Lyonnais Sec. (USA), Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999), and documentary evidence can suffice in lieu of an evidentiary hearing.  <u>Action S.A. v. Marc Rich & Co.</u>, 951 F.2d 504, 508 (2d Cir. 1991).  Proof of damages must be based upon admissible, authenticated evidence.  <u>House v. Kent Worldwide Machine Works, Inc.</u>, 359 Fed. Appx. 206 (2d Cir. 2010).

### 2.   Loss of Liberty Damages

"[D]amages recoverable for loss of liberty for the period spent in a wrongful confinement are separable from damages recoverable for such injuries as physical harm, embarrassment, or emotional suffering . . . ."  <u>Kerman v. City of New York</u>, 374 F.3d 93, 125 (2d Cir.2004); <u>accord</u> <u>Gardner v. Federated Dep't Stores, Inc.</u>, 907 F.2d 1348, 1353 (2d Cir. 1990).  Damages for loss of liberty "compensate[] an individual's denial of free movement and the violation done to [an individual's] dignity as a result of the unlawful detention."  <u>Gardner</u>, 907 F.2d at 1353.

### 3.   Defense Costs

"[A] plaintiff may obtain damages for the direct, natural and proximate results of the criminal prosecution, including . . . counsel fees and expenses in defending the criminal prosecution."  <u>Miran Jeon v. Lee So Hee</u>, No. 11-CV-974 (RJD)(VMS), 2015 WL 789984, at *3 (E.D.N.Y. Feb. 24, 2015) (citations omitted).[2]

### B.   The Inquest

On May 22, 2015, the Court issued a revised scheduling order for a damages inquest,

---

[2] Copies of all unpublished opinions and decisions available only in electronic form cited herein have been mailed to Petitioner.  <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76, 78 (2d Cir. 2009).

directing Plaintiff to file and serve Proposed Findings of Fact and Conclusions of Law

concerning damages by June 24, 2015 and directing Defendant Kahn, thereafter, to file and serve

any response thereto.  The Scheduling Order further provided:

> The Court hereby notifies the parties that it may conduct this inquest based solely
> upon the written submissions of the parties.  See Fustok v. ContiCommodity
> Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).  To the extent that any party seeks an
> evidentiary hearing on the issue of damages, such party must set forth in its
> submissions the reason why the inquest should not be conducted based upon the
> written submissions alone, including a description of what witnesses would be
> called to testify at a hearing and the nature of the evidence that would be
> submitted.

Id.  No party sought an evidentiary hearing.

Plaintiff filed Proposed Findings of Fact and Conclusions of Law as to Defendant Kahn,

seeking damages for, *inter alia*, emotional distress and economic harm to his business.  Dkt. 27.

At a conference held before this Court on July 27, 2015, the Court informed Plaintiff's counsel

that it would be unable to award damages for emotional distress or other subjective damages

without an evidentiary hearing.  Plaintiff agreed to defer the inquest pending the outcome of

Plaintiff's case against the other defendants.  Minute Entry Nov. 2, 2015.  On November 23,

2015, Defendant City of Yonkers, Defendant Detective Sullivan, and Plaintiff consented to

Magistrate Judge jurisdiction and the case was assigned to me.  Dkt. 32.  Defendant Kahn has

not consented to Magistrate Judge jurisdiction.

On January 22, 2016, Plaintiff informed the Court that Plaintiff and Defendants City of

Yonkers and Detective Sullivan had reached a settlement, and judgment was entered in full

satisfaction of Plaintiff's claims against those defendants on February 4, 2016.  Dkts. 34-35.  I

then granted Plaintiff leave to file amended Proposed Findings of Fact and Conclusions of Law

with respect to Defendant Kahn which would obviate the need for a hearing and testimony on the issue of damages.  Id.  Plaintiff filed Proposed Findings of Fact and Conclusions of Law on February 15, 2016, seeking $457,500 in damages to compensate Plaintiff for his defense costs and for loss of liberty he experienced while incarcerated as a result of Defendant Kahn's false accusations.  Plaintiff did not seek damages for the emotional distress and economic harm to his business that he had claimed in his June 23 submissions.  Defendant Kahn did not file opposition papers.

### C.    Recommendations as to Damages

Defendant's default constitutes an admission of liability, and I conclude that the documentary evidence submitted by Plaintiff provides a sufficient basis from which the Court can reasonably ascertain the following damages.

### 1.    Loss of Liberty

Plaintiff claims that he was arrested on the charge of Robbery in the First Degree based on "incredulous and uncorroborated claims made by Defendant Kahn."  See Compl. at ¶ 28. Plaintiff claims that as a direct and proximate result of Defendant Kahn's actions, Plaintiff suffered loss of liberty for the 72 hours of his incarceration.  See Compl. at ¶¶ 6, 31-34; Vilato Decl. at ¶ 3.

"[E]ven absent . . . other injuries, an award of several thousand dollars may be appropriate simply for several hours' loss of liberty."  Kerman, 374 F.3d 93, at 125-26 (citing cases).  See Gardner, 907 F.2d at 1353 ($50,000 ($6,250 per hour) deprivation of liberty award sustainable in case involving 8 hours of confinement); Martinez v. The Port Auth. of New York

& New Jersey, 445 F.3d 158, 160-61 (2d Cir. 2006) (per curiam), affirming Martinez v. The Port Auth. of New York & New Jersey, No. 01 Civ. 721 (PKC), 2005 WL 2143333 (S.D.N.Y. Sept. 2, 2005) (Court of Appeals sustained $160,000 loss of liberty award (($8,421.00 per hour)) in case involving 19 hours in custody; Robinson v. Holder, No. 07 Civ. 5992 (DLC), 2008 WL 2875291 (S.D.N.Y. July 22, 2008)(Report and Recommendation) (inflation-adjusted average award for deprivation of liberty in false imprisonment cases was $6,416 per hour of detention in 2008); but see Watson v. United States, No. 14-CV-6459, 2016 WL 748489, at *24 (E.D.N.Y. Feb. 25, 2016) (awarding $2,000 per day for deprivation of liberty where "the conditions in which plaintiff was held were not severe" and plaintiff "had his own cell, which he was permitted to go in and out of at his leisure").  Moreover, Courts have awarded loss of liberty damages on inquest based solely on the duration of the confinement.  See Robinson, 2008 WL 2875291 (adopting a Report and Recommendation awarding damages based on the number of days Plaintiff was wrongfully confined).

Here, Plaintiff was wrongfully incarcerated for 72 hours as a result of Defendant Kahn's acts.  Applying an hourly rate of $6,250, I respectfully recommend that Plaintiff be awarded a total of $450,000.00 as compensation for his loss of liberty.

## 2.    Defense Costs

Plaintiff seeks to recover the $7,500 legal fee he paid for his defense in the underlying criminal action.  See Dkt. 36 (Am. Proposed Findings of Fact and Conclusions of Law as to Def. Kahn) at ¶ 14.  Plaintiff's counsel has submitted a copy of a bank check dated October 17, 2012 that he received from Plaintiff's father, Bert Vilato, as his retainer for defending Plaintiff in the criminal case. Dkt. 37.  Bert Vilato lent his son the money for Plaintiff's criminal defense.  Id.;

Vilato Decl. at ¶¶ 5-6; See Compl. at ¶ 32.

Thus, Plaintiff has documented $7,500 in defense costs, and I respectfully recommend that he be awarded that sum.

## III.   **Conclusion**

For the foregoing reasons, I recommend that judgment be entered in Plaintiff's favor against Defendant Tanvir Kahn in the total amount of **$457,500.00**, representing $450,000 for his loss of liberty and $7,500 for his legal defense costs.

Dated: June 9, 2016
    White Plains, N.Y.

Respectfully Submitted,

PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, from the date hereof to file written objections to this Report and Recommendation.  Fed. R. Civ. P. 6(a).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Nelson S. Román, United States District Judge, at the Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150, and to the

chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Román.

A copy of the foregoing Report and Recommendation has been sent to the following:

Tanvir Kahn
6125 Fieldston Rd.
Bronx, NY 10471