UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ROBERT VILATO,

           Plaintiff(s),                      **ORDER**

    - against -                             13CV5825(NSR)(PED)

THE CITY OF YONKERS, DETECTIVE WILLIAM
SULLIVAN and TANVIR KAHN,

           Defendant(s).

----------------------------------------------------------------X

Nelson S. Román, United States District Judge:

      By Order of Default Judgment ("Default Judgment"), dated April 23, 2015, the Court referred this matter to Magistrate Judge Paul E. Davison ("Judge Davison"), for an assessment of damages as against Defendant Tanvir Kahn ("Defendant Kahn"). By Report and Recommendation ("R&R"), dated June 9, 2016, Judge Davison, recommends the Court enter a monetary judgment in favor of Plaintiff in the amount of $457,500.00, representing $450,000.00 for loss of liberty and $7,500 for his legal defense costs. For the following reasons, the Court adopts Judge Davison's R&R in its entirety and enters judgment accordingly.

**BACKGROUND**

      Plaintiff Robert Vilato ("Vilato" or "Plaintiff") commenced this action asserting claims against Tanvir Kahn (Kahn Defendant), the City of Yonkers and Detective William Sullivan pursuant to 42 U.S.C. § 1983, malicious prosecution, defamation and intentional infliction of emotional distress. Plaintiff alleges on or about October 6, 2012, Defendant Kahn falsely reported to the Yonkers' Police Department that Vilato robbed him at gunpoint. Plaintiff was subsequently arrested, charged with robbery, arraigned on charges of Robbery First Degree, detained for seventy-two (72) hours and subsequently released on his own recognizance. The criminal charges against

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/25/2016

Plaintiff were ultimately dismissed. Plaintiff purportedly expended $7,500.00 in legal fees. Plaintiff sought damages for his alleged unlawful detention and related expenses, including legal fees.

In October 2014, Plaintiff sought a default judgment against Defendant Kahn due to his non-appearance. On April 23, 2015, the Court granted Plaintiff's application and referred the matter to Judge Davison for an assessment of damages. *See*, Default Judgment. On June 9, 2016, Judge Davison issued his R&R. To date, Defendant Kahn has failed to appear and no objection to the R&R has been filed.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection

is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, as neither party objected to the R&R issued by Judge Davison, the Court reviews the recommendation for clear error. The Court agrees with Judge Davison's analysis. A plaintiff in a § 1983 lawsuit is entitled to recover compensatory damages for injuries proximately caused by the constitutional violation. *Gibeau v. Nellis*, 18 F.3d 107, 110 (2d Cir. 1994). Such damages may include an award for loss of liberty as a result of wrongful confinement (*Gardner v. Federated Dep't Stores, Inc.*, 907 F.2d 1348, 153 (2d Cir 1990)), and counsel fees and expenses in defending the wrongful criminal prosecution. (*See, Lovitch v. Lovitch*, No. 11-CV-2536 (ER)(LMS), 2015 WL 1047807, at 12 (S.D.N.Y. Mar. 10, 2015) (citations omitted). Judge Davison awarded Plaintiff $450,000.00 for seventy-two hours of wrongful confinement (applying an hourly rate of $6,250.00), and $7,500.00 in legal fees expended in defending the criminal prosecution. Accordingly, the Court finds no error on the face of the R&R, and thus adopts Judge Davison's R&R in its entirety.

## CONCLUSION

For the reasons stated above, this Court adopts Judge Davison's R & R in its entirety and directs the clerk of the Court to enter judgment in favor of Plaintiff and against Defendant Kahn in the amount of $457,500.00, representing $450,000.00 for loss of liberty and $7,500.00 for legal defense costs. The Court notes that Plaintiff has settled his claims as against the remaining defendants. Accordingly, the Clerk of Court is respectfully directed to deem the action closed.

Dated: October 25, 2016  
White Plains, NY

SO ORDERED

Nelson S. Román  
United States District Judge